**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cr-00190-HSM-CHS |
| | ) | |
| JOSHUA GRIFFIN | ) | |

## REPORT AND RECOMMENDATION

### I.    Introduction

Defendant Joshua Griffin has filed a "Motion to Suppress" in which he asks that a certain backpack found by police on August 31, 2018, in Chattanooga, Tennessee, be found inadmissible in the trial of his case. [Doc. 34]. Defendant is facing two counts of federal drug trafficking charges and one count of being a felon in possession of a firearm. For the reasons stated herein, it is **RECOMMENDED** that Defendant's Motion to Suppress be **DENIED**.

### II.    Facts

Defendant asserts the following facts in his motion to suppress:

On August 31, 2018, officers of the Chattanooga Police Department (CPD) arrived on the scene of a reported accident. After speaking with witnesses, the CPD officers determined that a Chevy Impala had left the roadway and crashed into a parked truck near Hickory Valley Road and Standifer Gap Road. The driver of the Impala was no longer inside the vehicle. Witnesses gave a general description of the driver to CPD officers.

CPD officer Dakota Layne was canvassing the area when he saw a black male, wearing a white t-shirt, black shorts, and carrying a black backpack. This description matched the description given earlier by witnesses of the driver of the vehicle that was involved in the accident. CPD officer Layne, when attempting to turn his patrol car around, lost sight of the black male.

Based upon this identification, other CPD officers on the scene began searching on foot for the black male seen by officer Layne. In the general area of Robin Drive, CPD officers located the black male matching the description, and detained him. The black male was later identified as the defendant Joshua Griffin.

Following Griffin's apprehension, CPD officers searched the area and path they guessed or assumed he (Griffin) traveled. After several minutes, a Blue backpack was found in a backyard in the area being searched.

Upon returning to the location where Griffin was being detained, he was questioned whether this was his backpack. He denied ownership of the backpack.

[Doc. 35, Def.'s br. at 1-2]. CPD officers failed to list this backpack on the CPD's property inventory list for his case. [*Id.* at 3]. Officers searched the backpack without a warrant. [*Id.* at 4]. The backpack contained no indicia of evidence indicating Defendant owned the backpack. [*Id.*].

The Court held oral argument on this motion on December 12, 2019. During that hearing, the government confirmed that the word "backpack" is not found on the evidence list,  although, the government asserts that the list includes "drug paraphernalia" which allegedly came from the backpack. At the hearing, Defendant's counsel, after consultation with his client, reaffirmed Defendant's position that the backpack in question did not belong to Defendant. Defendant's counsel represented to the Court that he has been to the police station and inspected the backpack in question.

## III.    Analysis

Defendant argues that police mishandled the backpack because it was not logged into evidence and, therefore, it is not admissible at trial. According to Defendant, "his due process rights have been violated and . . . the Court should suppress the backpack and any contents found therein." [*Id.* at 5].

To the extent that Defendant is raising a Fourth Amendment issue related to the seizure and search of the backpack, the Court finds this issue lacks merit. "When challenging the admission of evidence under the Fourth Amendment, it is the defendant's burden to show that he had a legitimate expectation of privacy in the area searched or items seized." *United States v. Mathis*, 738 F.3d 719, 729 (6th Cir. 2013) (citing *United States v. Mastromatteo*, 538 F.3d 535, 544 (6th

Cir. 2008)). In other words, he "must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable . . . ." *United States v. Noble*, 762 F.3d 509, 526 (6th Cir. 2014) (quoting *Minnesota v. Carter*, 525 U.S. 83, 88 (1998)). Defendant disavows ownership or any relationship to the backpack. Therefore, he has no legitimate expectation of privacy in the backpack, and he cannot assert a Fourth Amendment violation for the seizure and search of the backpack.

The gravamen of Defendant's argument is a chain of custody issue. Defendant asserts that the chain of custody of this backpack is so uncertain as to require that the backpack be deemed inadmissible as evidence at trial. However, "chain of custody issues are jury questions and the possibility of a break in the chain of custody goes to the weight of the evidence, not its admissibility." *United States v. Allen*, 619 F.3d 518, 525 (6th Cir. 2010) (citing *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997); *see also United States v. Gasaway*, No. 3:19-cr-27-RGJ, 2019 WL 5902794, *2 (W.D. Ky Nov. 12, 2019). At trial, it will be the government's burden to prove the backpack belonged to Defendant, and Defendant will be free to argue to the jury that the government has failed to meet its burden.

## IV.    Conclusion

For the reasons stated herein, it is **RECOMMENDED** that Defendant's Motion to Suppress evidence of the backpack and any contents therein at the trial of his case be **DENIED**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE[1]

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).